# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-3714 c/w 09-3743** |
| | **[REF: ALL CASES]** |
| **0.166 ACRES of LAND, MORE or LESS, SITUATE in PARISH of JEFFERSON, STATE of LOUISIANA, and SID-MAR'S RESTAURANT & LOUNGE, INC., et al.** | **SECTION: "C" (2)** |

## ORDER AND REASONS

Before the Court is the United States Government's Motion to Stay State Court Proceeding.  (Rec. Doc. 20.)  The only other party to have filed an appearance in this case,[1] the State of Louisiana, has notified the Court that it does not oppose the motion.[2]  Based on the record in this case, the applicable law, and the government's memorandum, the Court GRANTS the motion for the following reasons.

The United States seeks to enjoin and stay *Sid-Mar's Restaurant & Lounge, Inc. et. al. v. State of Louisiana etc.*, No. 632-032, Div. K, in the 24th Judicial District Court for the Parish of

---

[1] Since the only other party with an appearance on the record consents to this motion, the Court finds a hearing on the matter unnecessary.  Therefore, the United States Government's Motion to Expedite Hearing On the Government's Motion to Stay State Court Proceedings (Rec. Doc. 21) is rendered moot by consent.

[2] The Court also notes it was informed that defendant Sid-Mar's opposes the motion, but that counsel for Sid-Mar's has not yet made an appearance in this litigation.  The basis for Sid-Mar's opposition to the motion has not been presented to the Court.  Once an appearance is made, Sid-Mar's may file their opposition or otherwise request this Court to revisit its opinion.

Jefferson, State of Louisiana. (Rec. Doc. 20.) Plaintiffs in that case filed suit for compensation and damages arising from the taking of their property. Neither the United States nor the Army Corps of Engineers were named as defendants.[3] (Rec. Doc. 20-2 at 3.) At the same time, the United States government initiated condemnation proceedings concerning the same property in this Court under the Declaration of Taking Act, 40 U.S.C. §3114, as part of a broader federal effort to construct floodgates and a permanent pump station following Hurricane Katrina. (Rec. Doc. 10 at 1-2.) In condemnation proceedings, this Court must determine the appropriate amount of compensation to be paid to the previous rightful owners. *See* 40 U.S.C. §3114.

This Court has the authority to stay the state court proceeding. The Anti-Injunction Act, 28 U.S.C. § 2283, does not apply when the United States seeks to stay the state court proceedings. *Leiter Minerals, Inc. v. U.S.,* 352 U.S. 220, 226 (1957)(holding Anti-Injunction applies to litigation between private parties). Moreover, this case is sufficiently analogous to the factual situation in *Leiter*, where the Supreme Court held that a stay of state court proceedings was appropriate. *Leiter* concerned a state court action where the United States was not a named defendant, although defendants alleged that the United States was an indispensable party. *Id*. at 222. The United States brought a quiet title action in federal court seeking to stay and enjoin the state court proceedings. *Id*. Similar to *Leiter*, the suit in federal court is "the only one that [can] finally determine the basic issue in the litigation," in this case the amount of compensation due and to whom. *Id*. at 226.

In addition, currently pending before the state court is a motion for partial summary

---

[3] The State of Louisiana has filed a third-party demand as part of the state court litigation, but the court has not yet ruled on the state's request.

judgment.[4]  Plaintiffs in that case seek a state court order declaring plaintiffs the rightful owners of property currently at issue in this federal matter.  Such a finding by the state court specifically undermines this Court's ability to determine to whom compensation should be paid as part of the federal takings procedure.  The Court is mindful that although it is rare that a federal court will enjoin and stay a state court proceeding, the government's motion fits squarely within clearly established law on when such a stay is appropriate.

Accordingly,

IT IS ORDERED that the United States' Government's Motion to Stay State Court Proceeding (Rec. Doc. 20) is hereby GRANTED.  Defendants are hereby ENJOINED from further prosecution of Case No.  632-032, Div. K, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana until further order of the Court.

IT IS FURTHER ORDERED that the United States Government's Motion to Expedite Hearing On the Government's Motion to Stay State Court Proceedings (Rec. Doc. 21)  is RENDERED MOOT by consent.

New Orleans, Louisiana, this 21st day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiffs' motion for partial summary judgment was filed on June 5, 2009 after the government filed its complaint in condemnation here in federal court on June 3, 2009.