UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 09-3714 c/w 09-3743 |
| 0.166 ACRES of LAND, MORE OR LESS SITUATE in PARISH OF JEFFERSON, STATE OF LOUISIANA, and SID-MAR'S RESTAURANT & LOUNGE, INC. et al. | SECTION "C" |

### ORDER & REASONS[1]

Before the Court is the United States of America's Motion to Bifurcate Issues and for Entry of a Special Scheduling Order. Rec. Doc. 85. Having reviewed the memoranda of counsel, the record, and the law, the Motion is GRANTED.

### I. BACKGROUND

Prior to Hurricane Katrina, Sid-Mar's operated restaurant on the properties of the instant condemnation actions. *U.S. v. Sid-Mars Restaurant & Lounge, Inc.*, 644 F.3d 270, 271 (5th Cir. 2011). On February 10, 2006, the State of Louisiana commandeered the lands pursuant to a state executive order. *Id*. The state provided this land to the federal government. *Id*. On June 2, 2006, Sid Mar's filed suit in state court seeking just compensation against the state. *Id*. at 272. On June 3, 2009, the United States filed the instant Complaints in condemnation, which were later

---

[1] Jason A. Danowsky, a second-year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

consolidated. *Id*. Multiple parties that may have interest in the properties, including Sid-Mar's, the Sheriff as ex-officio Tax Collector for Jefferson Parish, the State of Louisiana, and other unknown owners. *Id*.

The United States seeks to bifurcate the trial into two parts: the first to determine which parties have interest in the property, and the second to determine just compensation owed by the United States to those properties. Rec. Doc. 85 at 1. The State of Louisiana supports this request. Rec. Doc. 89 at 1. Sid-Mar's disagrees with both the United States and the State of Louisiana in several respects, as detailed below. Rec. Docs. 87, 94.

## II. LAW AND ANALYSIS

A court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. Pro. 42(b). "[W]hether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 114 (E.D. La.1992). "[S]eparate trials should be the exception, not the rule." *Id*.

The parties do not dispute that the title issues in this case be resolved prior to trial over appraisal of the land. Rec. Doc. 85-1 at 1; Rec. Doc. 87 at 1; Rec. Doc. 89 at 1. Further, all parties agree that this Court is an appropriate forum to resolve both the title issues and the appraisal issues. Rec. Doc. 85-1 at 1; Rec. Doc. 87 at 2; Rec. Doc. 89 at 2.

The only disagreement in this present Motion is Sid-Mar's preference that the resolution of title issues occur in state court. Rec. Doc. 87 at 1. Sid-Mar's argues that the state court is "well-qualified" and "perhaps, better situated" than federal court to resolve state issues of ownership. Rec. Doc. 87 at 1. Sid-Mar's, however, has not convinced this Court that convenience, avoidance of prejudice, or judicial economy would be better served by bifurcating

2

this trial between state and federal court. Sid-Mar's does not argue that this Court is *not* qualified to resolve these issues, nor has it affirmatively presented any specific issues of ownership or the 2006 commandeering order that this Court would have difficulty deciding.

This Court has jurisdiction to determine the ownership and title in condemnation cases. *See* Fed. R. Civ. Pro. 71.1(h) ("In an action involving eminent domain under federal law, the court tries all issues, including compensation"); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1951) ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt"). Furthermore, it is well-settled that federal courts may interpret issues of state law by making an *Erie* guess and determining how a state's highest court "would resolve the issue if presented with the same case." *Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010).

Sid-Mar's cites *Olivier Plantation, LLC v. St. Bernard Parish* in support of the proposition that the "most efficient resolution" to the state title issues would be in state court. Rec. Doc. 91-2 at 2. In *Olivier*, a case with largely similar facts, a portion of the litigation had already been remanded and was proceeding in state court concurrent to district court litigation. Rec. Doc. 91-3 at 5. Additionally, the parties in *Olivier* agreed that some of the just compensation claims were exclusively in the jurisdiction of the state court, rather than concurrent in both courts. Rec. Doc. 91-3 at 10. The court in *Olivier* stayed all proceedings pending the resolution of state court matters in order to ensure consistency in state and federal judgments. Rec. Doc. 91-3. Unlike *Olivier*, here, there are no concurrent state court proceedings, and there is no dispute that this Court has jurisdiction over the matters before it. *Olivier* does not provide guidance for this Court in determining whether any issues facing this Court need be resolved in state court.

3

## IV. CONCLUSION

This Court has jurisdiction to resolve issues of title in condemnation hearings, and, further, has seen no affirmative evidence or authority indicating that the proceedings would be resolved more efficiently, with less prejudice, or more economically were some of the proceedings resolved in state court. This Court and all parties do agree, however, that a hearing to determine ownership among the parties should proceed prior to determining just compensation for those parties.

Accordingly,

IT IS ORDERED that the Motion to Bifurcate Issues and for Entry of a Special Scheduling Order is GRANTED. (Rec. Doc. 85).

New Orleans, Louisiana, this 25th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**